**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

LifeBack Law Firm, P.A.,                                    BKY Case No.: 24-60191
                                                                            Chapter 11
                        Debtor.

Hoglund & Mrozik, P.L.L.C.,

                        Plaintiff,                              Adv. No.: 24-60191

v.

LifeBack Law Firm, P.A.,

                        Defendant.

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY**
**OF DEBT UNDER 11 U.S.C. § 523**

Hoglund & Mrozik, P.L.L.C. ("Hoglund"), through its undersigned attorney and for its complaint against debtor LifeBack Law Firm, P.A., ("LifeBack" or "Debtor") to determine non-dischargeability of debt under 11 U.S.C. § 523, states and alleges as follows:

**JURISDICTION**

1. This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001, *et seq*. to determine that the debt owed to Hoglund by LifeBack is non-dischargeable pursuant to 11 U.S.C. § 523.

2. This Court has jurisdiction over the subject matter of the instant proceeding

arising under Title 11 of the United States Code pursuant to 28 U.S.C. §§ 157(a) and 1334.

3.  The instant action is a "core" proceeding pursuant to the provisions of 28 U.S.C. §§ 157(b)(2)(I).

4.  Plaintiff consents to entry of final order or judgment by the Bankruptcy Court.

5.  Venue for this action is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1409(a).

6.  LifeBack filed a Petition under Chapter 11 of Title 11 of the United States Code on or about April 28, 2024. The case is presently pending before the United States Bankruptcy Court for the District of Minnesota under Case Number: 24-60191.

**GENERAL ALLEGATIONS**

7.  Hoglund is a creditor of LifeBack by virtue of an arbitration award that was confirmed by the Hennepin County District Court, State of Minnesota ("State Court") in the case styled *Hoglund, Chwialkowski & Mrozik, P.L.L.C. n/k/a Hoglund & Mrozik, P.L.L.C. v. Kain & Scott, P.A. n/k/a LifeBack Law Firm, P.A.*, Court File No. 27-CV-23-12137 (the "State Court Action") on January 22, 2024.

**A.    PROCEDURAL BACKGROUND**

8.  This State Court Action arose out of tort and statutory claims asserted by Hoglund against LifeBack for click fraud and false advertising.[1]  LifeBack had asserted near mirror image counterclaims against Hoglund for alleged click fraud and false

---

[1] Throughout most of the state court litigation, Debtor's name was Kain & Scott, P.A.  It changed its name to LifeBack Law Firm, P.A.  Hoglund will refer to Debtor by its new name "LifeBack" herein.

advertising.  (Stipulated Facts Doc. 69 at ¶ 4, hereinafter "Stip.")[2]

9. This dispute began with a lawsuit in Hennepin County District Court styled, *Hoglund, Chwialkowski & Mrozik, P.L.L.C. v. Kain & Scott, P.A.*, Court File No. 27-CV-19-11333 that was commenced in January 2019. The case was assigned to The Honorable Joseph R. Klein. The parties engaged in extensive discovery and motion practice.  (Stip., ¶ 5.)

10. On April 21, 2022, the parties participated in a mediation with Gregory Weyandt.  The mediation was successful.  The parties entered into a Mediated Settlement Agreement providing that the lawsuit would be dismissed and that all claims asserted in the lawsuit would be resolved by binding arbitration before an arbitrator to be selected by the parties.  If the parties could not agree, Mr. Weyandt would select the arbitrator.  (Stip., ¶ 6.)

11. As noted above, the arbitration agreement is contained within the Mediated Settlement Agreement.  The key provisions governing the arbitration provide as follows:

> a. The parties agree that the above-captioned lawsuit will be dismissed without prejudice and the parties will submit all disputes asserted in the Lawsuit to binding arbitration before an arbitrator to be mutually agreed to by the parties within 30 days of this Agreement. If the parties are unable to agree on an arbitrator, Gregory Weyandt shall select the arbitrator and his selection shall be binding.

---

[2] The citations to "Doc." in this Complaint refer to the ECF document numbers filed in the main bankruptcy case number 24-60191.

b.  Absent agreement of the parties, the Arbitrator shall determine the rules and procedures to be followed, including whether to apply the Minnesota Rules of Evidence.

c.  The Arbitrator shall have the power to award any and all relief that is available under the claims and counterclaims asserted in the lawsuit, including, without limitation, awards of money damages, equitable relief, and/or attorneys' fees and costs as provided by law.

d.  The award shall be subject to confirmation by the Hennepin County District Court pursuant to the Minnesota Arbitration Act, Minn. Ch. 572B.

e.  Both parties voluntarily and knowingly waive their right to a jury trial and to complete the Lawsuit in Hennepin County District Court.

(Stip., ¶ 7.)

12. The parties selected retired Hennepin County Judge Thomas Fraser as the arbitrator and conducted the arbitration on February 22 and 23, 2023. The parties submitted voluminous pre- and post-arbitration briefs and 131 Exhibits, including 13 depositions and multiple affidavits that were received.  Many of the exhibits, such as deposition transcripts and corresponding deposition exhibits, had their own sub-exhibits, some consisting of hundreds of pages or more.  (Stip., ¶ 8.)

13. On May 15, 2023, Judge Fraser issued an Interim Award finding in favor of Hoglund on some of its affirmative claims and against LifeBack on its counterclaims. (Interim Award.) The Interim Award found that LifeBack was liable for tortious interference with contract for intentionally and repeatedly engaging in click fraud against

Hoglund and that LifeBack engaged in false advertising under the federal Lanham Act and the Minnesota Deceptive Trade Practices Act.  (Interim Award at pp. 3-7 [as to click fraud] and 11, 16-19 [as to false advertising].)  (Stip., ¶ 9 and Hoglund Ex. 3, Interim Award.)

14. Judge Fraser awarded damages in the amount of $70,000 for tortious interference, granted injunctive relief under the Lanham Act for LifeBack's false advertising, and directed Plaintiff to submit an application for attorney's fees and costs. (Interim Award at pp. 24-25.) (Stip., ¶ 10 and Hoglund Ex. 3, Interim Award.)

15. On June 16, 2023, Hoglund submitted a sworn application for fees and costs. (Stip., ¶ 11.)

16. On the same day, LifeBack moved to modify or correct the Interim Award by essentially asking Judge Fraser to reverse the Interim Award to flip the award in favor of LifeBack and against Hoglund, such that LifeBack, not Hoglund would have been the prevailing party. (Stip., ¶ 12 and Hoglund Ex. 4, Final Award at 3-4.)

17. On June 30, 2023, Hoglund responded to LifeBack's motion to modify.  (Stip., ¶ 13.)

18. On July 10, 2023, Judge Fraser conducted an oral hearing on LifeBack's motion to modify or correct the award and Hoglund's request for attorney's fees and costs.  (Stip., ¶ 14 and Hoglund Ex. 4, Final Award at 1.)

19. On July 28, 2023, Judge Fraser issued the Final Award, which, inter alia, (1) rejected Lifeback's motion to modify or correct, (2) affirmed the grant of injunctive relief to Hoglund, (3) awarded Hoglund attorney's fees in the amount of $58,050, (4) awarded Hoglund costs in the amount of $66,187, and (5) awarded Hoglund pre-award interest in

the amount of $31,609. (Final Award at 2-4, 9.)  (Hereinafter referred to as the "Hoglund Award.")  (Stip., ¶ 15 and Hoglund Ex. 4, Final Award.)

20. On July 31, 2023, Hoglund filed its motion to confirm the Hoglund Award in Hennepin County District Court. (Stip., ¶ 16.)

21. In September 2023, Hoglund submitted briefing and related submissions in support of its motion to confirm the Hoglund Award and LifeBack filed a cross motion to vacate the arbitration awards. (Stip., ¶ 17.)

22. On January 22, 2024 Judge Magill entered his Order confirming the arbitration awards and denying LifeBack's motion to vacate the awards and granted leave for Hoglund to move for attorneys' fees and costs incurred in the motions to confirm and vacate the Hoglund Award. (Stip., ¶ 18.)

23. On January 29, 2024, Hoglund filed its Motion for Attorneys' Fees, Costs, and Entry of Final Judgment on January 29, 2024, with a request to decide the motion on the papers and without a hearing ("Motion for Fees and Judgment"). (Stip., ¶ 19 and Hoglund Exs. 5-9.)

24. On February 1, 2024, Hoglund filed a Notice of Making and Filing of Order, which limits the time to appeal from orders.  (Stip., ¶ 20 and Hoglund Ex. 10.)

25. On February 1, 2024, LifeBack's counsel confirmed LifeBack's intent to appeal Judge Magill's decision to the Minnesota Court of Appeals and sent proposed documents to facilitate stipulations to enter judgment and for a supersedeas bond to prevent enforcement of the judgment pending appeals.  (Hoglund Ex. 7.)

26. There were follow-up communications and exchanges of draft documents which

6

culminated on February 21, 2024 with Hoglund proposing the addition of the word "promptly" to the supersedeas bond to permit entry of a stipulated judgment and the posting of a supersedeas bond.  (Hoglund Ex. 12.)

27. LifeBack's counsel stopped communicating with Hoglund's counsel and on February 28, 2024 Hoglund's counsel asked for updates so the stipulations could be filed to enter judgment and post the bond.  (Hoglund Ex. 13.)

28. On February 29, 2024, LifeBack's counsel notified Hoglund's counsel that LifeBack had engaged bankruptcy counsel to consider a bankruptcy filing, prompting Hoglund's counsel to obtain a hearing date on its January 29, 2024 motion for fees and to enter judgment or to decide it on the papers since it appeared LifeBack would not oppose the motion. (Hoglund Ex. 14.)

29. Judge Magill's clerk indicated he wanted to have a hearing and proposed dates in March and April for the hearing.  LifeBack's counsel claimed he was only available on the last possible dates so the hearing was ultimately set for April 25, 2024. (Hoglund Exs. 14 and 15.)

30. The request to decide the motion on the papers was denied and the motion was heard on April 25, 2024. (Stip., ¶ 21.)

31. LifeBack did not file an opposition to Hoglund's motion for attorneys' fees and to enter judgment and the motion was heard on April 25, 2024. LifeBack's counsel notified Judge Magill that LifeBack planned to file bankruptcy the next day, but the Court nonetheless requested Hoglund's counsel to submit updated proposed findings and order. (Stip., ¶ 22 and Hoglund Ex. 17.)

32. On Friday, April 26, 2024, Hoglund filed its proposed findings.  (Stip., ¶ 23 and Hoglund Ex. 18.)

33. On Sunday, April 28, 2024, LifeBack filed the petition to commence this Chapter 11, subchapter V case.  (Stip., ¶ 24.)

34. On April 29, 2024, LifeBack's litigation counsel filed a Notice of Filing of Bankruptcy in Hennepin County District Court. (Stip., ¶ 25 and Hoglund Ex. 19.)

35. The prepetition amount of the confirmed arbitration award in favor of Hoglund of $263,810.04 (the "Debt") is calculated as follows:[3]

| **Final Award** | | |
|---|---|---|
| Compensatory Damages | $70,000.00 | |
| Reasonable Attorneys' Fees | $58,050.00 | |
| Reasonable Costs and Disbursements | $66,187.00 | |
| Pre-award interest | $31,609.00 | |
| **Subtotal** | | **$225,846.00** |
| **Post-Award Interest 7/29/23 to 4/27/2024 (prepetition)** | | |
| Days | 273.00 | |
| Rate | 10% | |
| Principal Amount | $225,846.00 | |
| Interest Annual | $22,584.60 | |
| Daily | $61.88 | |
| **Subtotal (Days x Daily Rate)** | | **$16,892.04** |
| **Fees and Costs for Confirmation Motions** | | |
| Attorneys' fees | $20,610.00 | |
| Costs | $462.00 | |
| **Subtotal** | | **$21,072.00** |
| **Total as of 4/27/2024** | | **$263,810.04** |

(Hoglund Ex. 4, Final Award at 9; Hoglund Ex. 8, Decl. of Perry; Hoglund Ex. 18,

---

[3] The Final Award provided that post-award interest would continue to accrue at the rate of ten percent (10%) simple interest per annum.  Hoglund is likewise entitled to recover ongoing attorneys' fees.  (See Hoglund Proof of Claim, Claim No. 3.)

Proposed Findings; and Hoglund Proof of Claim, [Claim No. 3 filed on July 17, 2024].)

**B.      THE DEBT AROSE OUT OF FRAUD AND WILLFUL AND MALICIOUS CONDUCT.**

**1.      LifeBack Perpetrated Click Fraud on Hoglund.**

36. Judge Fraser determined that LifeBack was liable for tortious interference with contract:

> I find that from at least late 2017 through January 2019, when Kain & Scott was served with the lawsuit, Kain & Scott intentionally and repeatedly clicked on the Hoglund Firm's ads for the purpose of causing harm to the Hoglund Firm. This conduct is labeled "click fraud,"
>
> > the term the industry uses to describe when someone clicks on the search advertisement with an ill intent and with no intention of doing business with the advertiser. It is not "fraud" as such is understood at common law nor under the pleading requirements of the federal rules; rather it merely describes purposeful clicks on advertisements for some kind of improper purpose. Perpetrators of click fraud exploit the nature of pay-per-click advertising in order to increase the pay-per-click fees paid by rivals, boost the placement of their own advertisements, or to directly profit from the activity.
>
> *Yahoo! Inc. v. Am. Int'l Spec. Lines Ins. Co.*, 2013 WL 7762095 (N.D. Cal. Dec. 17, 2013) (reciting allegation in arbitration pleading).
>
> Kain & Scott's click fraud was demonstrated by several routes: the tracking software used by the Hoglund Firm, which identified Kain & Scott's IP address as the source of an extraordinary number of clicks, often at odd hours; the fact that the click fraud abated within 48 hours of service of the lawsuit; the demonstration of click fraud on the Hoglund Firm by Wesley Scott to a Kain & Scott employee; and Scott's admissions of such click fraud to others in his office.
>
> This wrongdoing caused financial harm to the Hoglund Firm in the form of click fees for which no benefit was received, consumption of the firm's advertising budget, lowering the ranking of the ad in later search results, and compromising the accuracy of the data generated from the Google Ads. It also allowed Kain & Scott to gain more prominence in Google Ads relative to the Hoglund Firm.

(Hoglund Ex. 3, Interim Award at pp. 3-4.)

37. Judge Fraser found that LifeBack's click fraud established tortiously interference with contract and awarded Hoglund $70,000 for damages it suffered:

> Kain & Scott contends, however, that although tortious interference with contract may be available in some cases, the Hoglund Firm has not proven its elements here. I disagree. The click fraud caused a breach of the contract with Google, a contract of which Kain & Scott had knowledge, the click fraud was intentional and without justification, and it caused the Hoglund Firm damages.
>
> The Hoglund Firm claims damages in the form of increased advertising costs ranging from $123,012 to $156,882. Kain & Scott points to various levels of imprecision or overstatement in the calculation of those damages, and a general lack of causation. I agree that some imprecision exists as to the amount but not the fact of causal damages. I find that Kain & Scott's click fraud directly caused $70,000 in damages to the Hoglund Firm.

(Hoglund Ex. 3, Interim Award at pp. 6-7.)

**2.     LifeBack's False Advertising.**

38. Judge Fraser also determined that LifeBack engaged in false advertising in violation of the Minnesota Deceptive Trade Practices Act and the Lanham Act:

> From 2018-20, Kain & Scott advertised on its website that it had numerous "locations," ranging from 27 – 63 in number. After receiving in August 2020 the Second Amended Complaint, which added a false advertising claim, Kain & Scott changed the term "locations" to "cities we serve." This change was made because of that pleading, according to Scott. The firm continues to advertise, by way of example, that it has an "International Falls, MN Bankruptcy Team" and "Buffalo Bankruptcy Lawyers."
>
> Kain & Scott has expanded its St. Cloud practice by opening an additional eight offices in Minnesota. These offices, staffed by lawyers, are listed on the firm's website. The firm has never had lawyers or offices in International Falls or Buffalo, nor did it have lawyers or offices in the 27 to 63 "locations" advertised on its website before the Second Amended Complaint was served.

10

> If a firm has no office or lawyers in a city advertised as being a law firm's "location," the ad is false. That presumably explains Kain & Scott's decision to change its advertising to show that the "locations" were actually "cities we serve." Similarly, the law firm crosses the line by claiming an "International Falls Bankruptcy Team" or "Buffalo Bankruptcy Lawyers" when it has no offices or lawyers located in either city. This is unambiguously false and deceptive.

(Hoglund Ex. 3, Interim Award at pp. 11-12.)

39. Judge Fraser determined that LifeBack engaged in false advertising under both the Minnesota Deceptive Trade Practices Act and the Lanham Act and awarded injunctive relief and attorneys' fees for the violations.  (Hoglund Ex. 5, Final Award at pp. 4-9.)

## COUNT I
### (Objection to Dischargeability of Debt under §523(a)(2))

40. Plaintiff incorporates by reference the averments contained in the preceding paragraphs of this Complaint.

41. 11 U.S.C. § 523(a)(2)(A) excepts from discharge "a debt . . . for money, property, or services. . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud."

42. As described above, LifeBack's false advertising consisted of misrepresentations, fraudulent omissions, or engaged in deceptive conduct that represented it had offices and attorneys in locations that it did not.

43. Judge Fraser found the false advertising regarding locations to be material and that Hoglund established generally that it lost business after LifeBack engaged in this false advertising. (Hoglund Ex. 3, Interim Award at pp. 18-19.)

44. The portion of the Debt awarded for false advertising is for money, property, or

11

services that LifeBack obtained through its false advertising.

45. The portion of the Debt awarded for false advertising is a debt for money that LifeBack obtained by false pretenses, a false statement, or actual fraud.

46. Life owes the portion of the Debt awarded for false advertising to Hoglund.

47. The findings in the arbitration awards issued by Judge Fraser (that were later confirmed by the Hennepin County District Court) cannot be disputed by LifeBack in this adversary proceeding because LifeBack is barred from relitigating those findings and holdings against it under the doctrine of collateral estoppel.

48. Accordingly, the portion of the Debt awarded to Hoglund for LifeBack's false advertising is non-dischargeable and/or cannot legally be disputed in this adversary proceeding.

30. Pursuant to applicable law, Plaintiff is entitled to reimbursement from LifeBack for Plaintiffs' attorneys' fees and costs in pursuing this matter.

### Count II
### (Objection to Dischargeability of Debt under §523(a)(6))

49. Plaintiff incorporates by reference the averments contained in the preceding paragraphs of this Complaint.

50. Pursuant to section 523(a)(6) of the Bankruptcy Code, a debt for "for willful and malicious injury" by a debtor to another or to the property of another is a non-dischargeable debt.

40. The confirmed arbitration awards in the State Court Action for tortious interference with contract and false advertising were the result of the willful and malicious actions of LifeBack within the meaning of Section 523(a)(6).

41. Judge Fraser's findings establishing that the Debt arose from intentional, willful and malicious conduct by LifeBack and the resulting injuries to Hoglund cannot be disputed by LifeBack in this adversary proceeding because LifeBack is barred from relitigating those findings and holdings under the doctrine of collateral estoppel.

43. The Debt to Hoglund arose from damages sustained by Hoglund that were willfully and maliciously inflicted by LifeBack.

44. Accordingly, LifeBack's Debt to Plaintiffs is non-dischargeable and/or cannot legally be disputed in this adversary proceeding.

WHEREFORE Plaintiff respectfully request the entry of a judgment in its favor and against Defendant/Debtor LifeBack finding that the Debt owed, together with accrued interest incurred and continuing to be incurred, costs and attorneys' fees, are non-dischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(6), plus reimbursement for costs and attorneys' fees and any other further relief this Court deems just and proper under the circumstances.

Date: July 25, 2024                              **PERRY & PERRY, PLLP**

                                                 */e/ Shawn M. Perry*
                                                 Shawn M. Perry (#185000)
                                                 West End Plaza, Suite 336
                                                 1660 Highway 100 South
                                                 Minneapolis, MN 55416
                                                 (952) 546-3485
                                                 shawn.perry@pppllp.com

                                                 ATTORNEY FOR HOGLUND & MROZIK,
                                                 P.L.L.C.